**William L. ALEXANDER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17291.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 27, 1963.

Decided April 25, 1963.

---

5. Cf. Fed.R.Crim.P. 6(e).

Mr. James J. Laughlin, Washington, D. C., for appellant.

Mr. William C. Weitzel, Jr., Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Joseph A. Lowther, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and FAHY and BURGER, Circuit Judges.

PER CURIAM.

Appellant was indicted on four counts: Count 1 for first degree murder of James Smith; Count 2 for assault with intent to kill Louis Smith; Count 3, assault with a dangerous weapon on Raymond Allen; and Count 4, carrying a pistol without a license. He was found guilty as charged. The jury was unable to agree on the death penalty and appellant was sentenced by the court to life imprisonment on the murder count, three to nine years on Count 2, two to six years on Count 3 and one year, on Count 4, all sentences to run concurrently.

The only claims urged on appeal relate to appellant's mental capacity at the time of the offenses. Before trial he was examined at St. Elizabeths Hospital pursuant to order of the court. At trial he produced no expert testimony that he suffered any mental disease; only his own testimony and that of his mother was offered on this claim. The issue of criminal responsibility raised by defendant was submitted to the jury in an instruction which is not now challenged, and the jury on adequate evidence resolved the issue against defendant.

■■ It is contended that the testimony of a psychiatrist from the staff of St. Elizabeths Hospital, who testified in rebuttal, should not have been received because her testimony was based on examination of hospital reports and files together with what she had observed of the appellant at a staff conference with other experts. Appellant argues that the expert did not personally interrogate him and that because of this omission there was no "examination." The character and extent of the examination goes to the weight and not to the admissibility of such evidence, and its weight was for the jury. Carey v. United States, 111 U.S.App.D.C. 300, 296 F.2d 422 (1961); Jenkins v. United States, 113 U.S.App. D.C. 300, 307 F.2d 637 (1962).

Appellant was represented by experienced counsel both in the District Court and on this appeal. And our examination of the record in light of the contentions reveals no error which would warrant disturbing the judgment of conviction.

Affirmed.

BURGER, Circuit Judge (concurring).

I concur since this case represents another salutary application of McDonald v. United States, 114 U.S.App.D.C. 120, 312 F.2d 847 (1962), in that the weight of expert testimony is exclusively for the jury, not for the court, once qualifications are established. In this case the evidence of mental disease adduced by the appellant probably did not rise to the level called for by the new standards of

McDonald, but we need not reach the point since, in an abundance of caution, the District Court gave an instruction on criminal responsibility which is not challenged.