BILLY BARNES SMITH *v*. STATE OF INDIANA.

[No. 771S207. Filed July 31, 1972. Petition for certiorari to United States Supreme Court denied January 17, 1973.]

188

*Robert S. McCain, Harold W. Myers,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen D. Clase,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by Billy Barnes Smith, appellant (defendant below), from a conviction for First Degree Murder.* Appellant was initially indicted on November 12, 1967, and after a period of time in which he was deemed incompetent to stand trial, he entered a plea of not guilty by reason of insanity. Appellant waived his right to a jury trial and in a trial to the court was found guilty on February

---

* This case was transferred and reassigned to this office on June 29, 1972.

17, 1971. He received a sentence of life imprisonment. Appellant's Motion to Correct Errors was overruled and this appeal followed.

There is but one issue raised in this appeal—whether the testimony of two court appointed expert witnesses should have been excluded because it was based in part on information gained from hospital reports, the writers of which were not present in court to be cross-examined. Appellant claims the reports are hearsay which thus taints the expert opinions to such a degree as to make the opinions inadmissible.

The reports referred to were two reports made by staff members of the Richmond State Hospital. The two court appointed psychiatrists admitted that they relied in part on these reports. Each had personally examined appellant on two previous occasions.

Although medical reports containing observations and expert opinions relating to a defendant's sanity or insanity should not be admitted directly into evidence, they may be used to aid another expert in formulating his opinion as to the defendant's sanity. The function of an expert witness in a case concerning sanity or insanity is advisory in nature. He does not state a *fact* but gives an *opinion* in order to aid the jury or trier of fact. The trier of fact must make the ultimate decision on this issue. See *Hill* v. *State* (1969), 252 Ind. 601, 251 N. E. 2d 429. The reports are not accepted by the expert testifying as true facts but are examined by him to provide an aid in diagnosis.

> "Thus, where, as here, an expert witness bases his conclusion as to the defendant's sanity on reports of other physicians, it is entirely proper that the jury know which opinions he credited, which he rejected, and why. As long as the jury is instructed that such hearsay opinions are being introduced solely to test the credibility of the expert witness and not to prove the truth of the matters contained therein, the use of such opinions for that limited purpose does not violate the confrontation clause of the Sixth Amendment." *United States* v. *Harper* (5th Cir. 1971), 450 F. 2d 1032, 1037.

See also *United States* v. *Williams* (5th Cir. 1971), 447 F. 2d 1285.

We agree with the statement made by the Fifth Circuit in *Birdsell* v. *United States* (5th Cir. 1966), 346 F. 2d 775, 779-780:

> "This Court has held that opinions as to sanity contained in hospital records are not admissible under the Business Records Act, 28 U.S.C. § 1732, and that such an opinion is receivable only if the expert rendering it is made available for cross-examination. England v. United States, 174 F. 2d 466, 468-469 (5 Cir. 1949); Mullican v. United States, 252 F. 2d 398, 404 (5 Cir. 1958). But that does not mean that the records of a hospital performing psychiatric investigations with respect to the symptoms recounted by the subject or the results of recognized phychological tests stand differently under the Business Records Act than do similar data concerning other forms of illness, see McCormick, Evidence § 290 (1954); Thomas v. Hogan, 308 F. 2d 355 (4 Cir. 1962). While such material, unlike records of many physical symptoms, may be useless to a jury and be excludable on that ground, there is abundant authority that an expert witness who is available for cross-examination at the trial may use such records as the basis for an opinion without the proponent having to call every person who made a recorded observation. Travelers Ins. Co. v. Childs, 272 F. 2d 855, 857 (2 Cir. 1959); Jenkins v. United States, 113 U.S. App. D. C. 300, 307 F. 2d 637, 640-642 (1962); Alexander v. United States, 115 U.S. App. D. C. 303, 318 F. 2d 274 (1963); Fitts v. United States, 328 F. 2d 844, 847 (10 Cir.), cert. denied, 379 U.S. 851, 85 S. Ct. 96, 13 L. Ed. 2d 55 (1964). With the increased division of labor in modern medicine, the physician making a diagnosis must necessarily rely on many observations and tests performed by others and recorded by them; records sufficient for diagnosis in the hospital ought be enough for opinion testimony in the courtroom."

The types of records and reports which can be utilized should only be those produced by qualified personnel and the type which an expert customarily relies on. See *United States* v. *Bohl* (7th Cir. 1971), 445 F. 2d 54; *Commonwealth* v. *Thomas* (1971), 444 Pa. 436, 282 A. 2d 693.

Such a limitation guarantees a relatively high degree of reliability and frees an expert to use the tools he normally relies upon in making any diagnosis.

Appellant contends that both experts changed their minds between the time they sent their reports to the judge and their appearance in court. The only additional information acquired during the interim were the reports from Richmond State Hospital. He thus hypothesizes that they changed their minds based solely on these reports. The record simply does not bear this out.

Both doctors examined appellant twice prior to filing their reports. One of them stated in his report that he was unsure about the sanity or insanity of the appellant at the time the crime was committed. At trial he testified that he was still very unsure. Although the other doctor had stated in his report that he felt appellant was insane at the time of the crime, he later testified at trial that he was not really satisfied with his diagnosis and retained grave doubts as to its validity. He stated that he gave a great deal of further thought to his opinion after submitting it, and the reports were but one of many factors which led him to change his mind. Both doctors stated that the reports were clearly not the sole basis for their opinions.

In the realm of expert testimony, it is obviously preferable to have the opinion derived from a distillation of as much reliable information as possible. This results in a more intelligent opinion because an opinion is only as good as the data upon which it is based. Any alleged lack of reliability can be brought out on cross-examination, and, as long as the expert is otherwise qualified, should go to weight of the evidence and not its competency. The fact that a psychiatric expert bases his opinion in part on reports from a state mental hospital does not make the testimony and opinion of the expert excludable.

For the foregoing reasons the judgment of the trial court is affirmed.

Judgment affirmed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 285 N. E. 2d 275.