RICHARD DIRK STAMPER *v.* STATE OF INDIANA.

[No. 971S254. Filed April 11, 1973. Rehearing denied June 5, 1973.]

*William E. Erbecker,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

GIVAN, J.—The appellant was charged with murder in the second degree. Trial by jury resulted in a verdict of guilty. Upon such verdict the trial judge sentenced the defendant to the Indiana State Prison for life imprisonment.

The record reveals the following facts:

On December 3, 1970, the appellant returned home from work to find his wife had died from an apparent overdose of sleeping tablets. There was evidence that upon discovering the death of his wife the appellant became very distraught to the point of becoming somewhat irrational in his conduct. However, by the time police officers arrived the appellant was able to discuss the matter with them in a rational manner.

Sometime, later that same evening the appellant was seated on the front porch of his home drinking a cup of coffee when Pat Kerins, the person whose death appellant was tried for in

the instant case, appeared at appellant's home. Kerins was a former husband of appellant's deceased wife, and just prior to her death they had been engaged in a legal controversy concerning the custody of a daughter. When Kerins arrived at the Stamper home on the evening in question, he apparently was unaware of Mrs. Stamper's death and immediately entered into a conversation with Stamper in which he referred to Mrs. Stamper in derogatory terms and asked appellant to tell Mrs. Stamper that she would never gain custody of their child. When appellant informed Kerins that Mrs. Stamper was dead, Kerins registered disbelief in a manner which apparently further distressed the appellant, whereupon the two men began to fight. During this fight the appellant stabbed Kerins fourteen times, from which injuries Kerins immediately died.

The appellant entered a plea of not guilty and not guilty by reason of insanity. In addition to the evidence of the commission of the instant crime, the State produced evidence that the appellant had previously beaten his wife, had attacked and beaten a fellow worker, had engaged in a shoot out with police officers resulting in wounding one of the officers, and had previously stated that he would one day kill the decedent, Pat Kerins.

Appellant's first assignment of error is that the verdict of the jury is not sustained by sufficient evidence and is, therefore, contrary to law in that there was uncontroverted evidence conclusively showing that the appellant was of unsound mind at the time of the commission of the alleged crime.

Appellant correctly takes the position that once he had interposed the defense of insanity that the presumption of sanity no longer prevailed, and that the State thereupon bore the burden of proving that appellant was sane beyond a reasonable doubt in order to sustain the conviction. *Young* v. *State* (1972), 258 Ind. 246, 280 N. E. 2d 595, 30 Ind. Dec. 91; *Brattain* v. *State* (1945), 223 Ind. 489, 61 N. E. 2d 462.

Appellant takes the position that the State failed in this burden because the two psychiatrists appointed by the court to examine the appellant filed separate reports, each stating that they were of the opinion that the appellant was under such stress at the time of the killing that he was unable to control his emotions and actions and at that time was of unsound mind. However, the reports of these doctors did not constitute the sole evidence submitted to the jury for their determination as to the appellant's sanity at the time of the killing. Police officers testified that when they talked to the appellant after he had discovered his wife's death and before the death of Kerins, he had calmed down and was showing no indication of hysteria. There is also evidence from which the jury could conclude that appellant's past behavior had indicated that he was a man with a violent temper, and he had previously attacked persons including his wife and had previously threatened to kill Kerins. There was evidence from which the jury could determine that the appellant was merely giving vent to his violent temper when he attacked and killed Kerins, rather than being the victim of temporary insanity. We have repeatedly held that it is within the province of the jury to determine the fact of the sanity of the appellant at the time in question, and that they may accept or reject the statements of any of the witnesses in that regard including psychiatrists. So long as there is evidence to support the issue of sanity for which the State bears the burden of proof, this Court will not disturb their verdict. *Twomey* v. *State* (1971), 256 Ind. 128, 267 N. E. 2d 176, 24 Ind. Dec. 713.

We hold in the case at bar the jury was justified from the evidence in finding that the appellant was in fact sane at the time of the attack on Kerins.

Appellant next claims the court erred in giving an instruction to the jury that the defendant must present credible evidence in meeting his burden of producing evidence on the issue of insanity and instructing the jury that there was a

presumption that the defendant was sane. The only instruction which appellant cites to support such a contention reads as follows:

"You are the judges of the credibility of the witnesses, and the weight to be given to their testimony. You should reconcile the evidence in this case upon the theory that each and every witness has spoken the truth, if it can be reasonably done. You should not disregard the testimony of any witness without due consideration and without just cause. If you find such conflict in the testimony of the witnesses that you cannot reconcile their testimony, then it is your province to choose whom you will believe and whom you will not believe; and in determining what evidence you will receive and what you will reject, you may take into consideration the interest, if any, that any witness has in the result of this trial; his or her manner or demeanor upon the witness stand; the probability of his or her testimony; his or her means of knowing the things of which he or she testified; his or her relationship, if any, to the accused or the deceased, or other interested persons if any; and such other considerations as appear right and proper to you in arriving at the truthfulness of each and every witness."

It is apparent from a reading of this instruction that it in no way could be interpreted as instructing the jury as claimed by the appellant. The appellant contends that this instruction is violative of the rule of law announced in *Young* v. *State, supra.*

We do not agree with appellant in his contention. The *Young* case discusses the burden of proof which devolves upon the State upon a plea of not guilty by reason of insanity. However, there is no specific reference in the above instruction as to the question of insanity, and the general rules set out in that instruction are equally applicable to the cases in this jurisdiction concerning the submission of evidence on a plea of insanity as they are to all other evidentiary matters to be presented at the trial. We would further note that this court's instruction No. 1, above quoted, is identical with the appellant's tendered instruction No. 6.

We, therefore, hold that the above instruction is correct and that it in no way lightened the State's burden of proving beyond a reasonable doubt that the appellant was sane at the time of the offense.

Appellant also claims the trial court erred in giving *the appellant's* final instruction 19. We need not go into the content of the instruction nor appellant's argument addressed thereto. Suffice it to say that no party to a lawsuit and no defendant in a criminal charge will be permitted to submit an erroneous instruction, obtain its reading to the jury, then claim the trial court erred in so acting. In refusing to consider such assignment of error we are following the law set out in *Barker* v. *State* (1958), 238 Ind. 271, 150 N. E. 2d 680, wherein we hold that we will not permit a defendant to remain silent, then claim error on the giving of an instruction. We find no merit in appellant's contention that the giving of his tendered instruction No. 19 was error.

Appellant next contends the trial court erred in admitting testimony regarding his past reputation and activities when he did not take the witness stand or put his character or reputation at issue.

We have held on numerous occasions that when the appellant enters a plea of not guilty by reason of insanity, he opens wide the door to all evidence relating to his past behavior and his environment including prior commission of crimes. See *Twomey* v. *State, supra; Young* v. *State* (1970), 254 Ind. 379, 260 N. E. 2d 572, 22 Ind. Dec. 166.

It is appellant's position that notwithstanding the above cases, the evidence in the case at bar concerning appellant's past behavior was too remote and far removed from the crime in question to be competent as to the question of the sanity of the appellant.

With this we do not agree. All of the evidence submitted by the State as above recited had a direct bearing upon the anti-social and belligerent propensities of the appellant. We

hold such facts to be pertinent evidence for the jury's consideration in discharging its duty to determine appellant's sanity at the time of the alleged offense. We find no error in the admission of this evidence.

Appellant also claims the trial court erred in giving "repugnant instructions to the jury so that it is impossible to determine whether the verdicts of the jury were based on a correct or incorrect instruction." Appellant cites no specific instructions to support this contention, but merely argues that because some jurors asked that instructions be reread to them it must be presumed that the instructions were confusing. We find no authority for such a proposition nor do we believe this to be a sound proposition of law. The mere fact that a juror did ask that an instruction be reread does not mean that he does not understand it when it is reread. Since the appellant did not see fit to point out any ambiguities or inconsistencies in the instructions as a whole and since we do not in fact find ambiguities or inconsistencies in the instructions as they appear in this record, we hold that his attempted assignment of error is without merit.

The trial court is, therefore, affirmed.

Arterburn, C.J., and Hunter and Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported in 294 N. E. 2d 609.