RICHARD LEE JELKS *v.* STATE OF INDIANA.

[No. 377S203. Filed July 27, 1978.]

*Kim D. Jordan,* of Hammond, for appellant.

*Theodore L. Sendak,* Attorney General, *Terry G. Duga,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted of second-degree murder and was sentenced to a term of 15 to 25 years imprisonment.

The record indicates on January 26, 1974, appellant had quarreled with his wife and she was preparing to leave town. Appellant asked his mother to call the bus station to ask them not to allow his wife to leave on a bus. While his mother was on the telephone, appellant came behind her and began stabbing her in the neck with a knife. As she tried to wrestle the knife from him he sliced her across the nose. At that point his mother called for another son, Elmer Jelks, who was in the next room to help her. Elmer tried to grab appellant to prevent him from further injuring his mother but appellant stabbed his brother in the chest causing his death.

Appellant first contends the trial court erred in excluding the testimony of a psychiatrist. The witness was asked if it was his opinion that appellant's mental condition would prevent him from knowing right from wrong. The court sustained an objection on the ground that the question called for an opinion as to an ultimate question of fact. However another psychiatrist testified later in the trial that in his opinion appellant did not know right from wrong and could not control himself from committing the act. Thus, assuming without deciding that an erroneous ruling was made, there is no reversible error. Appellant cannot predicate error on the exclusion of evidence on the issue of insanity when other evidence having the same probative value was admitted. *Bobbitt* v. *State,* (1977) 266 Ind. 164, 361 N.E.2d 1193.

Appellant next argues there was insufficient evidence to sustain the finding that he was sane at the time he stabbed his brother. It is within the province of the jury to determine the issue of insanity. *Stamper* v. *State,* (1973) 260 Ind. 211, 294 N.E.2d 609. The jury may accept or reject any statements of the witnesses, including expert witnesses, and may rely on lay testimony and other evidence in the case to determine sanity. *Stamper* v. *State, supra; Moore* v. *State,* (1973) 260 Ind. 154, 293 N.E.2d 28. The jury's determination will not be reversed so long as there is substantial evidence of probative value to support the verdict. *Bobbitt* v. *State, supra.* In the case at bar there is evidence from which the jury could conclude that the appellant had the mental capacity to appreciate the wrongfulness of his conduct. The record shows that the appellant had recently purchased the knife with which he injured his mother. When questioned about this purchase by the police, he stated that it was purchased to "hurt his mother." When questioned further by the police he stated he knew he was being questioned because he had "hurt some people." When asked why he stabbed his brother he stated, "It wasn't my fault now cause he had no business grabbing me." Further, a psychiatrist testified that appellant could have been aware of the wrongfulness of his act and had capacity to know right from wrong. From the above it is clear there was evidence from which the jury could determine that appellant was sane at the time he killed his brother. *Stamper* v. *State, supra; Moore* v. *State, supra.*

Finally appellant claims his counsel was incompetent in his conduct at the trial. On appeal there is a presumption that counsel is competent. This presumption can be overcome only by strong and convincing evidence showing that the proceedings were a mockery of justice. *Roberts* v. *State,* (1977) 266 Ind. 72, 360 N.E.2d 825; *Maldonado* v. *State,* (1976) 265 Ind. 492, 355 N.E.2d 843. Isolated mistakes or poor tactics and strategy do not

automatically constitute incompetent representation. *Maldonado* v. *State, supra.* Appellant cites several examples of his trial counsel's failure to object, failure to cross-examine witnesses adequately and adduce certain evidence and failure to put appellant on the stand to testify. These were merely trial tactics and strategies. There is no indication in this record that the trial counsel was in any way incompetent or ineffective.

The judgment of the trial court is in all things affirmed.

Hunter and Pivarnik, JJ. concur; DeBruler, J. concurs in result without opinion; Prentice, J. concurring and dissenting with opinion.

### CONCURRING AND DISSENTING OPINION

PRENTICE, J.—I concur in the result reached by the majority, because the over-all effect of Dr. Hogle's testimony made it clear that, in his opinion, the defendant was not legally responsible for the homicide, and I do not believe that his having been disallowed to answer the specific question under consideration could have detracted from the persuasiveness of his testimony. It was error, however, to have precluded his answer on the basis that it would invade the province of the jury. *Williams* v. *State*, (1976) 265 Ind. 190, 352 N.E.2d 733; *Smith* v. *State*, (1972) 259 Ind. 187, 285 N.E.2d 275.

*Bobbitt* v. *State*, (1977) 266 Ind. 164, 361 N.E.2d 1193, stands for the proposition that reversal may not be predicated upon the erroneous *admission* of evidence when evidence having the same probative effect is admitted without objection and without contradiction. The majority cites it as authority for holding the rejection of evidence as harmless, which is quite a different thing. I am aware of no authority that admissible material evidence may be rejected and the error held to be harmless for the reason alone that there was other evidence having the same probative value.

NOTE.—Reported at 378 N.E.2d 848.