Terrell Lee WEEDMAN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 480S108.

Supreme Court of Indiana.

March 6, 1981.

James B. Hancock, New Albany, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Kidnapping, Ind.Code § 35-1-55-1 (Burns 1975), and sentenced to life imprisonment. This direct appeal presents the following issues:

(1) Whether the trial court erred in refusing to admit medical records of the defendant into evidence.

(2) Whether the trial court erred in failing to grant the defendant's motion for a directed verdict.

(3) Whether the trial court erred in not granting a mistrial due to the State's improper final argument.

On February 22, 1977 Deanna Neal was walking home from school. The defendant, in his automobile stopped near Deanna and asked if she needed a ride. When Deanna declined the offer, the defendant pointed a gun at her and ordered her to get into the automobile. She complied, and the defendant drove around New Albany, Indiana for a few minutes and then ordered Deanna to give him directions.

While they were driving, the defendant asked Deanna to remove her pants. Upon her refusal, the defendant pointed the gun at her head and repeated his request. He then grabbed Deanna's arm and belt and tried to remove her pants. At this point the automobile was approaching a service station. The defendant let Deanna go after telling her not to tell anyone about what had happened. Deanna, however, screamed for help. The service station attendant heard her and summoned the police, who apprehended the defendant in Louisville, Kentucky after a high speed chase.

\* \* \* \* \* \*

## ISSUE I

The defendant contends that the trial court erred in refusing to admit his medical records into evidence. The defendant interposed an insanity defense. The medical record originated from a mental health center in Kentucky, where the defendant had received treatment. It contained the conclusion of a person, who is not identified in the record, that the defendant suffered from a schizoid personality.

The defendant asserts that he offered the medical record for the purpose of cross examining the court appointed psychiatrist; however, the record does not bear him out. The defendant offered the exhibit during his presentation of evidence and after it had been identified by the mental health center's medical records technician. The defendant made no attempt to re-offer the medical record during the presentation of the court appointed expert witnesses. As such, the defendant attempted to bring a medical record containing an observation about his sanity or insanity directly into evidence, which we have stated should not be done. *Smith v. State*, (1972) 259 Ind. 187, 189, 285 N.E.2d 275, 55 A.L.R.3d 546, *cert. denied*, (1973) 409 U.S. 1129, 93 S.Ct. 951, 35 L.Ed.2d 261. There was no error in failing to admit the medical record.

## ISSUE II

The defendant contends that the trial court erred in denying his motion for a

directed verdict at the close of the State's evidence. He asserts that the State failed to prove the specific intent required for Kidnapping. However, he cites us to no place in the record where he made a motion for a directed verdict, and we find none. "An error alleged but not disclosed by the record is not a proper subject for review." *Mendez v. State*, (1977) 267 Ind. 309, 311, 370 N.E.2d 323, 325.

We perceive the defendant's contention to be a challenge to the sufficiency of the evidence. The testimony of the defendant concerning the incident is in complete accord with that of the victim. As related above, the evidence discloses he used force to compel the victim to enter his automobile and continued that force to compel her to remain there against her will. He then moved the victim from one place to another. The evidence is sufficient to support a jury finding that the defendant intended to kidnap the victim. *Boatman v. State*, (1956) 235 Ind. 623, 627–28, 137 N.E.2d 28, 30.

### ISSUE III

 The defendant next contends that the trial court erred in denying his motion for a mistrial based upon the prosecutor's improper comments during the State's final argument. The objection was to the following comment:

> "Would it still be a reasonable doubt if it happened to a daughter, or a friend, or a loved one—"

The record shows that defense counsel's objection to the Prosecutor's remark was sustained, and the jury was told to disregard it. No motion for mistrial was made.

The trial court's admonition to the jury is presumed to have cured the error if any, in fact, occurred. *Page v. State*, (1980) 410 N.E.2d 1304, 1307. Had a motion for mistrial been made, the trial court would have been correct in denying it. *Morse v. State*, (1980) Ind., 413 N.E.2d 885; *Warner v. State*, (1976) 265 Ind. 262, 265, 354 N.E.2d 178, 181; *Williams v. State*, (1980) Ind.App., 408 N.E.2d 123, 124–25.

. We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.