**Dwight Theodore RESNOVER,
Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 281S26.**

Supreme Court of Indiana.

April 21, 1982.

Charles E. Johnson, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Ivan D. Floyd, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Defendant-appellant, Dwight Theodore Resnover, was convicted in 1976 of committing a felony (robbery) while armed with a deadly weapon, Ind.Code § 35–12–1–1, Burns § 10–4709 (1975) (repealed 1976), and sentenced to thirty years' imprisonment. This appeal, following the overruling of his belated motion to correct errors, raises four issues:

(1) Whether the trial court committed reversible error by not allowing defendant to bring out the fact that his accomplice was acquitted in a separate trial concerning the same incident.

(2) Whether the jury's verdict was not sustained by sufficient evidence and was contrary to law.

(3) Whether the State met its burden of proving defendant's sanity beyond a reasonable doubt.

(4) Whether the trial court erred in allowing into evidence defendant's prior conviction for illegal possession of a firearm.

The evidence favorable to the State shows that appellant entered a liquor store, drew out a gun and ordered the co-owners of the store to give him the money in the cash register. An accomplice then entered the store. Appellant ordered the co-owners and a customer into a back room where he took the purse and the wallets of the three.

The trial court sustained the State's objection to questions propounded by defendant to State's witnesses Black and Povinelli. The following colloquy occurred during cross-examination of Black:

"MR. RILEY: (defense counsel) Now the other person, was he brought to trial?

A: Yes sir.

MR. SCHORNHORST: Objection.

THE COURT: Sustained.

MR. SCHORNHORST: It is irrelevant to the issues of this case.

MR. RILEY: And do you know what occurred to him?

MR. SCHORNHORST: Objection.

THE COURT: Sustained."

During cross-examination of Povinelli the following colloquy took place:

"MR. RILEY: Did you know he was found not guilty?

MR. SCHORNHORST: Objection, Your Honor, and I move to strike and the jury be admonished.

THE COURT: Move to strike and the jury be admonished to disregard the answer, and counsel is admonished not to ask questions, inadmissible questions."

Defendant asserts that the trial court's rulings were reversible error because a showing that another person accused of participating in the same crime was found not guilty, is relevant to reasonable doubt. Defendant seeks to distinguish his case from those involving civil actions in which judgments from prior criminal adjudications are inadmissible because of the different standards of proof. No argument is presented to support his bald assertion that the acquittal of an accomplice is admissible to prove a defendant's innocence, and no authorities are cited. Indeed we regard the law to be that the fact that appellant's accomplice was acquitted of a charge involving the same crime could have no bearing on the question of appellant's guilt since the relationship of principal and accessory did not exist between them. *Combs v. State*, (1973) 260 Ind. 294, 295 N.E.2d 366.

The trial court did not err in sustaining the State's objections on the ground of irrelevancy.

Appellant next claims that the State failed to prove that he put the robbery victims in fear. In support of this claim, he asserts that one victim admitted under cross-examination that appellant did not point a gun at her, and that a customer present in the store testified that he did not see a gun on appellant when he gave him his billfold.

The criminal information charged in part:

"Dwight Theodore Resnover ... did then and there unlawfully and feloniously, being over the age of sixteen (16) years of age, commit a crime of robbery, a felony, while armed with a dangerous or deadly weapon, to-wit: a handgun held in the hand of Dwight Resnover, in that he did then and there unlawfully, feloniously and forcibly by violence and putting ARCHIE BLACK and KATHARINA SCHUELLER in fear...."

The statute under which he was charged and convicted provided in pertinent part:

"Any person who being over sixteen years of age, commits or attempts to

commit any felony while armed with any dangerous or deadly weapon, or while any other person is present and aiding or assisting in committing or attempting to commit such felony is armed with any dangerous or deadly weapon, shall be guilty of a separate felony and upon conviction shall be imprisoned for [a] determinate period of not less than ten years nor more than thirty years." Ind.Code § 35–12–1–1, Burns § 10–4709 (1975) (repealed 1976).

■ In reviewing claims of insufficient evidence, this Court neither weighs the evidence nor resolves questions of credibility, but only looks to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558. If from that viewpoint there was evidence of probative value from which a reasonable trier of fact could conclude that a defendant was guilty beyond a reasonable doubt, we will affirm the conviction. *Taylor v. State*, (1973) 260 Ind. 64, 291 N.E.2d 890; *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657.

■ The record reveals that the female victim testified that she saw a gun in appellant's hand and that it was pointed at her, the male victim, and the customer. The male victim testified that the appellant pulled out a gun and ordered him into the back of the store. The male and female victims both testified that when they were herded into the back room, they locked the door. This was sufficient evidence from which the jury could have concluded that appellant put his victims in fear, as charged in the information.

■ At the time of appellant's trial, the State had the burden of proving sanity beyond a reasonable doubt when a defendant interposed the defense of insanity. The question on review is whether sufficient evidence was presented to the jury to support a finding that appellant was sane beyond a reasonable doubt. Appellant argues that the State failed to meet its burden to overcome the insanity defense because the only evidence it presented was the testimony of two psychiatrists each of whom only

spent one hour with him. One doctor, appellant continues, also testified that the symptoms appellant complained of (blackouts) would not necessarily show up on the tests he gave him; the other doctor admitted that there were cases in which a blow on the head similar to the one of which appellant complained would not show up on an electroencephalogram. Appellant also points out that there was uncontroverted and corroborated evidence that he had suffered a head injury in 1973 which caused him blackouts for which he was hospitalized and sought psychiatric help.

This argument does no more than invite us to weigh the evidence on the issue of insanity, a task which belongs solely to the trier of fact.

The evidence regarding appellant's sanity included the male victim's testimony that appellant did not appear incoherent or "high" when he entered the liquor store, that he appeared the same as any other customer, and that there was no change in his demeanor from the time he first drew the gun, except that the tone of his voice became more demanding. The female victim testified that she observed nothing unusual about appellant, that he was walking normally, and that he was calm during the entire episode. The two court-appointed psychiatrists each testified that after examining appellant, he concluded that appellant was not suffering from a mental disease or defect when the crime was committed, and that he had the ability to appreciate the wrongfulness of his conduct and to conform his conduct to the requirements of the law. This was sufficient evidence from which the jury could have concluded beyond a reasonable doubt that the appellant was sane when he committed the crime.

■ The State was permitted, over appellant's objection, to ask appellant whether he had ever been convicted of illegal possession of firearms. Appellant argues that for impeachment purposes, the only prior convictions which are admissible are those involving dishonesty or false statement, and for those crimes which by statute would

have rendered a witness incompetent. This contention has no merit in a case in which a defendant has raised the defense of insanity.

" 'We have held on numerous occasions that when the Appellant enters a plea of not guilty by reason of insanity, he opens wide the door to all evidence relating to his past behavior and his environment including prior commission of crimes.' " *Riggs v. State*, (1976) 264 Ind. 263, 270, 342 N.E.2d 838, 843.

See also *Stamper v. State*, (1973) 260 Ind. 211, 294 N.E.2d 609.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.