**Peggy Ann TAYLOR, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 2–982A297.

Court of Appeals of Indiana, Second District.

Feb. 24, 1983.

class A misdemeanor, I.C. 35–44–3–2 (Burns Code Ed., Repl.1979), and Criminal Conversion, a class A misdemeanor, I.C. 35–43–4–3 (Burns Code Ed., Repl.1979). She raises the issue whether the evidence is sufficient to sustain the convictions.

Judgment reversed in part and affirmed in part.

On December 8, 1980, several policemen went to a residence, jointly owned by Peggy Taylor and her aunt and occupied by Taylor and Nathan Lipscomb, to serve an arrest warrant on Louis Jordan. Lipscomb, who answered the door, and Taylor were inside the house when the police arrived. Both told the police they knew neither Louis Jordan nor his whereabouts. However, a search of the house found Jordan in a storage trunk in the living room. Taylor was arrested and taken to the Marion County Jail. After arriving at the jail her purse was searched and identification belonging to another was found.

In reviewing the sufficiency of the evidence, we neither weigh the evidence nor resolve questions of credibility. We look only to the evidence and all reasonable inferences which support the finding. If we find substantial evidence of probative value from which the fact finder could conclude guilt beyond a reasonable doubt, then we must affirm. *Resnover v. State,* (1982) Ind., 434 N.E.2d 78.

Taylor argues the State failed to prove she, rather than someone else, harbored, concealed or assisted Louis Jordan. Specifically, Taylor argues Lipscomb was present in the house and opened the door when the police arrived. Taylor concedes the evidence shows someone hid Jordan in the trunk, but argues the absence of evidence she did so or knew of Jordan's presence.

We disagree with Taylor's conclusion that the evidence must establish beyond a reasonable doubt that she hid Jordan, either as a principal or accessory, to be convicted of the offense charged. Therefore, the absence of such evidence is not persuasive.

Herbert W. Johnson, Jr., White & Johnson, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Peggy Ann Taylor appeals her convictions by the court of Assisting a Criminal, a

I.C. 34–44–3–2 makes it a crime to "assist" a fugitive from justice. In *Dennis v. State,* (1952) 230 Ind. 210, 102 N.E.2d 650, the court defined "assist" as "some positive, affirmative act intended to help or aid someone to escape arrest, capture, or punishment." 102 N.E.2d at 654. Taylor admitted she told the police she did not know where Jordan was. We agree with the State's argument that it was reasonable for the trial court to view Taylor's statement she neither knew Jordan nor his whereabouts as an affirmative act constituting assistance to a fugitive but only if the trial court could also reasonably infer Taylor knew of Jordan's presence in the house at the time she denied knowledge of his whereabouts. We hold there is insufficient evidence from which the fact finder could reasonably make that inference beyond a reasonable doubt.

The evidence consists exclusively of Taylor's possessory interest in the house and her presence there when the police entered. However, her possessory interest *and* presence were nonexclusive. Lipscomb, also a resident, was present.

We hold it is unreasonable under that circumstance to infer knowledge of Jordan's presence within the residence without other indicia of knowledge. Examples of such indicia, none of which are present here, include: 1) the length of time the defendant and the fugitive were within the dwelling before the officer's presence was known, 2) the place the fugitive was hidden (*e.g.,* in a room in which the defendant was located or to which the defendant had sole access);[1] 3) the fugitive's secretion in a room where his presence and activity were available to defendant's senses of sight or sound; 4) the existence of a relationship between or among the parties (*e.g.,* a familial or romantic relationship between Taylor and Jordan); 5) the reasons the police officers had for going to the house where the fugitive was found; 6) the length of time the dwelling was under surveillance by the law enforcement authorities; or 7) the

physical layout of the house (*e.g.,* openness of the dwelling or open doors). This listing is not exhaustive but merely illustrative.

In summary, we must conclude there is insufficient evidence from which the fact finder could reasonably conclude Taylor either hid Jordan as a principal or accessory or knew his hidden whereabouts at the time she denied having such knowledge.

With respect to her conviction for criminal conversion of the identification cards, Taylor contends the State failed to prove she acted with criminal intent. To commit conversion under I.C. 35–43–4–3, one must knowingly or intentionally 1) exert unauthorized control over the property 2) of another person.

"Exert control over property" means, among other things, to possess property. I.C. 35–43–4–1(a) (Burns Code Ed., Supp. 1982). Taylor did possess the identification cards at the time she was taken to the Marion County Jail. They were in her purse. Gloria Jean Curry testified the identification cards were hers, so they were the property "of another person." Control is "unauthorized" where it is "without the other person's consent." I.C. 35–43–4–1(b) (Burns Code Ed., Supp.1982) Curry testified she did not authorize Taylor to possess the identification cards. This is sufficient evidence to support a reasonable fact finder's finding of an exertion of unauthorized control over the property of another beyond a reasonable doubt. Further, there is sufficient evidence from which the trial court could have concluded beyond a reasonable doubt Taylor's conduct was knowing or intentional. In fact, she admitted knowing she had the identification cards in her possession and that "[t]hey were in a little brown folder that I was suppose [sic] to drop in the mailbox and I never did." Record at 86.

Taylor's argument based on the finding of the trial court is without merit. The court stated:

"From the evidence that has been presented the Court does find Peggy Ann

---

1. The only testimony concerning Taylor's whereabouts in the house was her testimony she was in her bedroom when the police officers arrived at the house.

Taylor guilty of assisting a criminal, a class A misdemeanor filed under cause number 981–90627. And the Court finds Peggy Ann Taylor guilty of the lesser included offense of criminal conversion, cause number 980–9460. The Court believes that intent, which is one of the elements not being proven beyond a reasonable doubt." [sic]

(R. at 93) Taylor argues the intent to which the court referred concerns the crime of conversion. We disagree. The court was referring to the element of intent to deprive the owner of the use of the property that distinguishes theft from conversion. This statement explains why Taylor was found guilty of conversion when she was charged with theft.

Judgment affirmed with respect to the conviction for Criminal Conversion and reversed with respect to the conviction for Assisting a Criminal.

BUCHANAN, C.J., concurs.

SULLIVAN, J., concurs in result.

