James CHURCH, Appellant,

v.

STATE of Indiana, Appellee.

No. 283 S 48.

Supreme Court of Indiana.

Dec. 13, 1984.

Barbara C. Rennolet, Geoffrey G. Creason, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Count I, Attempted Murder and Count II, Rape. He was sentenced to fifty (50) years on Count I and thirty (30) years on Count II. The sentences were to be served consecutively.

The facts are: Appellant gained entrance to the victim's home under a pretense. Shortly after entering the home the appellant raped the victim; then stabbed her seventeen times and slit her throat in two places. The victim survived and identified the appellant as her assailant.

After his arrest, appellant filed a motion for psychiatric examination and evaluation. The court appointed Dr. Kim to conduct the examination. In his report Dr. Kim indicated appellant was now competent to stand trial. Dr. Kim did report that appellant was not able, at the time of the crime, to form any criminal intent. He was unable to distinguish right from wrong and he was unable to meet the requirements of the law at the time of the crime.

On April 19, 1982, the court appointed a second psychiatrist, Dr. Mehta, to examine appellant. Dr. Mehta concluded appellant did, at the time of the crime, have sufficient mental capacity to be held liable for his actions. Appellant then filed a notice of intent to interpose insanity defense pursuant to Ind.Code § 35–5–2–1 (repealed and replaced by Ind.Code § 35–36–2–2) (West Supp.1984). In response the court then appointed Dr. Kim and a third psychiatrist, Dr. Patel, to examine appellant. Dr. Kim continued to maintain the same position as outlined in the first report. Dr. Patel's report agreed with that of Dr. Mahta.

Trial was scheduled to commence on August 23, 1982. On the 20th of August, appellant attempted to subpoena Dr. Kim for an appearance at trial. Appellant was informed that Dr. Kim was out of the country attending to a family medical emergency in Korea. Appellant, on August 23, filed a motion for continuance pursuant to Ind.Code § 35–1–26–1 (repealed and replaced by Ind.Code § 35–36–7–1) (West Supp.1984). The statute provides:

"A motion by the defendant to postpone the trial on account of the absence of evidence can be made only on affidavit showing materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be; and if the postponement be asked on account of an absent witness, the affidavit must show the name and residence of the witness, if known, and the probability of procuring his testimony within a reasonable time. The affidavit must further show that the absence of such witness has not been procured by the act or connivance of the defendant, nor by others at his request, nor with his knowledge and consent and what facts he believes the witness will testify to, and that he believes them to be true, and that he is unable to prove such facts by any other witness whose testimony can be as readily procured. If, thereupon, the prosecuting attorney will

admit that the witness, if present, will testify to the facts which the defendant in his affidavit for continuance alleges that he can prove by the absent witness, or if the evidence be written or documentary, that such documentary evidence exists, the trial shall not be postponed for that cause."

Appellant submitted an affidavit which outlined the pertinent facts as required by the statute. The affidavit, in addition, contained the following statements.

"e. That if the witness, Dr. Charles Kim, were to testify the Defendant believes the witness would testify truthfully as follows:

"(1) That due to the major effective [sic] illness of the Defendant and substance and alcohol addiction, the Defendant was unable to form any criminal intent at the time of the alleged offense; and,

"(2) Was unable to know right from wrong and unable to meet the requirements of law at the time of the offense.

"f. That the Defendant is unable to prove the facts specified in subparagraph 3e through the use of any other witness whose testimony can be readily procured.

"4. That manifest injustice would result by requiring the trial of this cause to commence as scheduled."

During the course of arguments on the motion, the prosecutor agreed to stipulate that Dr. Kim, if present, would testify in accordance with the statements in the affidavit, and the reports he had earlier submitted. Appellant argued the prosecutor must additionally stipulate to the truth of these statements by Dr. Kim. The prosecutor refused to do so. The court ruled the stipulation, as rendered by the prosecutor, was adequate to comply with the statute and denied the motion.

Appellant maintains it was error for the court to deny the motion. He alleges when a defendant has complied with the statutory requirements then the court has no discretion and must grant the continuance. He argues the only exception to the rule is when the prosecutor is willing to stipulate to the truth of all statements within the defendant's affidavit. He cites *Blume v. State*, (1963) 244 Ind. 121, 189 N.E.2d 568.

We believe appellant's reliance on *Blume* is misplaced. A prosecutor under the statute in question is not required to vouchsafe for the veracity of the statements of the absent witnesses. In order to avoid a continuance, the prosecutor must be willing to stipulate that the witness will so testify. This is not to be confused with stipulating to the truth of the statements made by the witness. It is then the task of the trier of fact to determine whether these facts or any other facts in ·evidence are true.

We also note appellant's argument would, if followed, have placed the prosecutor in an impossible position to avoid the granting of the continuance. We have said the function of the expert witness in a case involving a sanity question is advisory in nature. He does not state facts but gives an opinion in order to aid the jury. *Smith v. State*, (1972) 259 Ind. 187, 285 N.E.2d 275. *See Fitch v. State*, (1974) 160 Ind. App. 697, 313 N.E.2d 548.

The prosecutor, even if he desired to do so, could not turn this opinion testimony into fact. An expert witness is not required to testify with absolute certainty as to his opinions. *See* 31 Am.Jur.2d *Expert and Opinion Evidence* § 44 (1967). It would be absurd to require a prosecutor to attempt to give a degree of credence to an opinion which the profferer, if present, could not give. The prosecutor in the case at bar complied with the statute. The trial court did not err in denying the motion.

Appellant contends the trial court erred by failing to comply with the requirements of Ind.Code § 35–5–2–2 (repealed and replaced by Ind.Code § 35–36–2–2) (West Supp.1984). The statute provides:

"At the trial of such a case, evidence may be introduced to prove the defendant's sanity or insanity at the time at which he is alleged to have committed the offense charged in the indictment or

information. When notice of an insanity defense is filed, the court shall appoint two (2) or three (3) competent disinterested psychiatrists to examine the defendant and to *testify at the trial.* (Emphasis added.)

Appellant contends the net effect of denying the motion for continuance was to prevent one of the court-appointed psychiatrists from testifying at trial.

■ We do not agree. The written reports of Dr. Kim were read to the jury under the stipulation discussed earlier. These reports were as much a part of the evidence as were the oral statements of the witnesses present. *Pettit v. Continental Baking Co.,* (1932) 94 Ind.App. 250, 180 N.E. 607. The trial court did not violate the statute.

Appellant raises a variety of issues related to the manner in which the court conducted the sanity determination phase of the trial. The court, as required by Ind. Code § 35-5-2-2 (repealed and replaced by Ind.Code § 35-36-2-2) (West Supp.1984), heard the evidence on the principal issues in the case prior to hearing the evidence related to sanity. The court began this second phase by having the reports of Dr. Kim read to the jury. Doctors Mehta and Patel were then called to the stand. Each was questioned first by the court; then each party was given an opportunity to cross-examine the witnesses.

Appellant argues he was denied an opportunity to cross-examine Dr. Kim. Secondly, he contends he was denied an opportunity to rebut the testimony of Doctors Mehta and Patel through the use of Dr. Kim's cross-examination. Appellant alleges it was error to permit Dr. Mehta to testify, as the doctor was not appointed pursuant to Ind.Code § 35-5-2-2 to examine the appellant. He suggests it was error to permit either of the doctors to testify as their testimony tended to refute the reports of Dr. Kim, which appellant argues must have been stipulated as true. Lastly, he argues the court improperly posed a hypothetical question to Dr. Patel. He maintains the question was based on appel-

lant's evidence and was done in a manner calculated to indicate to the jury that the judge disbelieved appellant's evidence.

■ We first note the statute does not establish a procedure to be followed when a stipulation of this nature is to be placed before the court. The court did follow the customary procedure used to present other written stipulations. We find no error in the procedure used by the court.

■ We find no merit to appellant's issues related to the failure to cross-examine Dr. Kim. The proposition of law favored by appellant and supported by Dr. Kim's report was placed before the jury. If we were to accept appellant's argument, the trial court could never accept the stipulated testimony of an absent witness. We find no error in appellant being denied the opportunity to elaborate on Dr. Kim's reports.

■ We find no error in the court permitting both Dr. Patel and Dr. Mehta to testify. Based on our earlier holding that the prosecutor was not required to stipulate to the truth of Dr. Kim's report, it was not error to permit testimony which tended to refute that report.

■ We do not find the hypothetical questions by the court to have prejudiced the rights of appellant. We recognize it is reversible error for the trial court to give the impression that he doubts the credibility of a witness or attempts to impeach or discredit a witness. *Kennedy v. State,* (1972) 258 Ind. 211, 280 N.E.2d 611. After cross-examination of Dr. Patel, by the State, the court questioned the Doctor as follows:

"MR. ABEL: Thank you.

MISS RENNOLET: May I have just a moment, your Honor? Nothing further.

COURT: Let me ask you a question, Doctor. Are you telling me and the Jury that the Defendant here told you that he had no recollection of what happened that night—other than the fact that he had been with one friend,

Jack, they had gone to another friend's home, Big Man—.

WITNESS: Uh huh—.

COURT: —left there and then ran into two other people—but he has no recollection of any crime ever being committed?

WITNESS: Let me—your Honor—I think he did have recollection up to the time that he was near the old public library on I.S.U. campus—and that he was drinking beer and smoking marijuana—according to James—in the car. And that friends were talking about burglary and breaking into a house and after that, he claims he does not remember what might have taken place.

COURT: Alright. What would your opinion be as to whether or not he was telling you the truth—if you were to find out after this interview—that that night the Defendant told his family a story that has nothing to do with what you have indicated here and that they put him to bed because he was so drunk, and that an hour later he woke up and told an entirely different story concerning—specifically concerning the victim in this case?

MR. CREASON: I'm going to object to the record in question, your Honor, because I think it directly invades the province of the Jury.

COURT: Why would you have opinion evidence in any case:

MR. CREASON: I would just like my objection registered on the record, your Honor.

COURT: Okay. That's overruled. What would that—?

WITNESS: I think he may not be telling me the truth.

COURT: Okay. I have no further questions."

 The court was attempting to clarify the testimony of Dr. Patel. Dr. Patel's initial opinion was necessarily based, in part, on the information appellant provided. If there were inconsistencies in that information to which the doctor was not privy,

then the doctor should be given the opportunity to re-evaluate his initial determination. We do not believe the court engaged in abuse of the judicial function necessitating a reversal as in *Kennedy, supra.*

Appellant's last issue concerns the court's refusal to give appellant's Final Instruction # 1. The instruction reads:

"Ladies and Gentlemen, the parties have entered into a stipulation which has been introduced into evidence and the legal effect of the stipulation is that the State admits not only the admissibility but the truthfulness of every statement contained therein."

Instead the court gave the following instruction:

"Ladies and Gentlemen, the parties have stipulated that the facts set forth in the affidavit, Defendant's Exhibit "D" are true and that the testimony of Dr. Kim is material to the defense of this cause and that the witness would testify truthfully as follows:

"(a) Due to the major affective illness of the Defendant and substance and alcohol addiction, the Defendant was unable to form any criminal intent at the time of the alleged offense: and,

"(b) Was unable to know right from wrong and unable to meet the requirements of law at the time of the alleged offense."

The instruction provided by the court properly stated the law. The trial court did not err in refusing appellant's instruction.

The trial court is in all things affirmed.

All Justices concur.