QUARLES *v.* STATE OF INDIANA

[No. 28,102. Filed December 7, 1945.]

*Paul Wever,* of Evansville, for appellant.

*James A. Emmert,* Attorney General, and *Frank E. Coughlin,* First Assistant Attorney General, for the State.

STARR, J.—Appellant was indicted for murder in the first degree. He entered a plea of not guilty. There was a trial by jury, resulting in a verdict of guilty, upon which he was sentenced to death. Motion for a new trial was overruled and judgment was entered on the verdict.

There are two questions presented upon this appeal: namely, the admission by the court in evidence of a written statement offered by the state, which statement purports to be the appellant's confession; and, second, the overruling by the court of appellant's challenge for cause of two prospective jurymen. We will discuss these causes for a new trial in their order.

At the time the said purported written confession was offered in evidence by the State, the appellant objected to the same and asked and was granted leave to present his objections to the same without the presence of the jury. The only objection made to said offer was that an article had appeared in a local newspaper stating that the police officers who had obtained the confession had obtained the same through certain artifices, tricks and misrepresentation; the details of which we will not set out. At this hearing before the court all the police officers involved in obtaining the confession denied that any such matters set

out in said newspaper report had occurred. The reporter who had furnished the story to the newspaper testified that he had obtained the same through hearsay from statements dropped by various police officers at the police station. He did not name any officer who had made any statement upon which said article could have been based. The appellant himself was not called upon to testify at this hearing. All of the officers implicated in obtaining said confession testified that the appellant had signed the confession after the same was read to him, and had admitted the same was true after the same was signed, and that there had been no intimidation in the obtaining of the same. The court was amply justified in admitting this confession, in fact there was a total failure of proof which would tend to show any matter set out in said newspaper article had ever taken place.

It is next urged that the trial court erred in overruling his challenge for cause against each of two prospective jurors. The record discloses that after the court so ruled each of these talesmen was excused on appellant's peremptory challenge, and that he had two peremptory challenges not yet exhausted when he accepted the jury. Under these circumstances no question is presented. If there was error, the same was harmless. *White* v. *State* (1944), 222 Ind. 423, 54 N. E. (2d) 106; *Kocher* v. *State* (1920), 189 Ind. 578, 127 N. E. 3; *Siberry* v. *State* (1896), 149 Ind. 684, 39 N. E. 936, 47 N. E. 458.

Judgment affirmed.

NOTE.—Reported in 63 N. E. (2d) 849.