William I. JARRETT, Jr., Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 383 S 99.

Supreme Court of Indiana.

July 17, 1984.

HUNTER, Justice.

Defendant, William I. Jarrett, was convicted by a jury of child molesting, a Class B felony, Ind.Code § 35-42-4-3 (Burns 1984 Supp.), and received a twenty-year sentence. The following six issues are raised in this direct appeal:

1. Whether the trial court erred in denying defendant's motion to suppress;

2. Whether the trial court erred in allowing a witness to read the victim's statement into evidence;

3. Whether the trial court erred in allowing evidence of defendant's prior conviction;

4. Whether the trial court erred in denying defendant's motion for a mistrial;

5. Whether the trial court erred in allowing evidence of past sexual misconduct between defendant and a minor; and

6. Whether the trial court erred in refusing defendant's tendered instruction number four.

The facts most favorable to the state show that defendant was charged with forcing the victim, T.E., to perform oral sex. T.E. was a five-year old boy. T.E. and his mother had visited defendant at defendant's trailer. Defendant and T.E. were left alone when the others went to the store, and during this time the incidents resulting in defendant's arrest occurred. T.E. also testified that defendant attempted anal intercourse and that defendant molested him once when they went fishing together.

## I.

██ Defendant contends that the trial court erred in overruling defendant's motion to suppress. Defendant sought to exclude the fact that the victim and one of the victim's friends were found attempting anal intercourse. Defendant believes the rape shield statute precluded the introduction of this evidence. His reliance on this statute is entirely misplaced. The statute in effect at the time of the crime, Ind.Code § 35-1-32.5-1 (Burns 1979 Repl.), shielded the *victim* of sex crimes from a general

Barry L. Standley, Evansville, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Latr!ealle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

inquiry into the history of *past* sexual activity. *Kelly v. State,* (1983) Ind., 452 N.E.2d 907. The statute has absolutely no application to the facts of this case, a case involving a five-year old child and an incident that occurred after the crime.

■ Defendant also argues that the evidence could not be admitted under the res gestae exception to the hearsay rule. A review of the record, however, shows that the trial judge specifically advised the jury not to consider testimony about the incident as true. Thus the evidence was not hearsay, since it was not being introduced for the truth of the matter asserted. It is axiomatic that before a hearsay exception can be applied there must first be hearsay evidence.

In short, the evidence here was properly admitted. It was relevant in that the evidence helped establish the sequence of events leading to the discovery by the victim's parents that he had been molested. There was no error.

## II.

Defendant argues that the trial court erred in allowing Officer George Ballard to read the victim's statement into evidence. T.E. made the statement in the presence of Ballard and two others almost four months prior to trial. Defendant contends that there was no showing that T.E. was competent at the time he gave the statements, thus rendering them inadmissible pursuant to Ind.Code § 34–1–14–5 (Burns 1973).

■ Ind.Code § 34–1–14–5 states that children under ten years of age shall not be competent witnesses, unless they understand the nature an obligation of the oath. The key word is "witnesses." This rule helps assure that the child-witness's testimony in court is based on the truth and not on fantasy. It is a rule pertaining to testimony given in court and not, as here, to statements given out of court. Thus, in *Hunter v. State,* (1977) 172 Ind.App. 397, 360 N.E.2d 588, the Court of Appeals stated:

"[T]he purpose of the competency rule is to assure that the witness who is testifying understands and can obey the oath to tell the truth. The objection at hand is to the testimony of an experienced police officer who clearly understands the meaning of sworn testimony. The fact that she is relating statements made by a five year old child will not allow a reversal based on the competency of the child."

*Id.,* 172 Ind.App. at 411–12, 360 N.E.2d at 598. We hold that the trial judge did not err in allowing Ballard to read the victim's statement into evidence. Further, we note that the victim was determined to be competent at trial, and only four months passed between the giving of the statement and the victim's testimony at trial. At trial, T.E. repeated the same basic allegations made in the earlier statement. We find no reversible error.

## III.

■ Defendant next argues that the trial court erred in allowing evidence of defendant's 1974 conviction for assault and battery with intent to gratify sexual desires. Defendant believes the 1974 conviction was too remote to be relevant evidence under the depraved sexual instinct rule. We disagree.

We have previously held that the mere passage of time does not end the relevance of prior sexual crimes. *Lawrence v. State,* (1984) Ind., 464 N.E.2d 923; *Grey v. State,* (1980) 273 Ind. 439, 404 N.E.2d 1348. In *Grey* we held that the fact "substantial time had passed goes to the weight of the evidence but does not render it inadmissible." *Id.,* 273 Ind. at 446, 404 N.E.2d at 1353. Therefore, the fact that the prior conviction in this case was nine years old did not render it inadmissible. The trial court did not err in allowing evidence of this conviction to be admitted.

## IV.

■ Defendant contends the trial court erred when it failed to declare a mistrial. Defendant argues that the judge should have declared a mistrial when Offi-

cer Ballard testified that defendant had had homosexual relations with one of defendant's nephews several times. The homosexual relations occurred in 1974, and defendant was eventually convicted the same year for assault and battery with intent to gratify sexual desires. Defendant contends that Ballard's testimony was highly prejudicial hearsay. However, the record in this case shows that the jury was admonished by the trial judge to disregard Ballard's remarks. The jury was also told in a final instruction not to consider stricken evidence. The admonishment, coupled with the instruction, was sufficient to dispel any prejudice. In making a determination that an admonishment sufficed to cure the prejudice we will consider the probable impact of the irregularity on the verdict. *Coleman v. State*, (1982) Ind., 433 N.E.2d 384. Because of the steps taken by the trial judge, we cannot say that the testimony had a significant impact on the jury. We find no error.

## V.

Defendant next asserts the trial court erred in allowing evidence that defendant had, prior to the incidents with T.E., attempted to touch the penis of a fourteen-year old boy. The boy testified that defendant "made a pass" at him and that defendant attempted to put his hand down the boy's pants. Defendant contends that this evidence was not similar enough to the charged crime to be admissible under the depraved sexual instinct rule.

We have repeatedly held that evidence of other criminal activity is inadmissible, except where it may be used to prove intent, purpose, motive, identity, or common scheme or plan. *Montgomery v. State*, (1980) Ind., 412 N.E.2d 793; *Austin v. State*, (1974) 262 Ind. 529, 319 N.E.2d 130. However, this Court has carved an exception for those acts showing a "depraved sexual instinct." *Caccavallo v. State*, (1982) Ind., 436 N.E.2d 775; *Grey v. State*, (1980) 273 Ind. 439, 404 N.E.2d 1348; *Miller v. State*, (1971) 256 Ind. 296, 268 N.E.2d 299. The acts used to show a depraved sexual instinct need not be identical to the crime for which the defendant is

charged. It is sufficient if the same sexual instinct is involved. *See Lawrence v. State*, (1984) Ind., 464 N.E.2d 923; *Miller v. State*. The previous acts of defendant in this case were similar enough to the charged crimes to merit introduction under the depraved sexual instinct rule. Both involved homosexual activity and both involved a minor as a victim. We find no error in the introduction of this evidence.

## VI.

Defendant lastly contends the trial court erred in refusing his tendered instruction number four, which stated:

"You are instructed that if the State of Indiana does not prove beyond a reasonable doubt that William I. Jarrett submitted to a fondling of his penis by T.E. with the intent to arouse or satisfy the sexual desires of William I. Jarrett, you have a duty to find the Defendant not guilty of Count II, Child Molesting."

We agree with the state that the substance of this instruction was adequately covered in other instructions that were given. State's instruction number three, for example, stated:

"You are instructed that a person who, with a child under twelve (12) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C Felony. I.C. 35–42–4–3."

The jury was also twice instructed that the state had the burden of proving each element of the crime beyond a reasonable doubt. It is not error to refuse an instruction when other instructions cover the subject. *Short v. State*, (1982) Ind., 443 N.E.2d 298; *Baker v. State*, (1982) Ind., 439 N.E.2d 1346. There was no error.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.