Berry D. ALTMEYER, Appellant,

v.

STATE of Indiana, Appellee.

No. 63S00–8610–CR–865.

Supreme Court of Indiana.

Feb. 9, 1988.

Steven E. Ripstra, Lytton and Ripstra, Jasper, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Child Molesting, a Class A felony, and Attempted Child Molesting, a Class A felony. He received two thirty (30) year sentences to be served concurrently.

The facts are: In May and June of 1983, the victim, fourteen-year-old M.M., frequently visited her grandparents at their home in Otwell, Indiana. Around May 21, 1983, M.M. was in an upstairs bedroom of her grandparent's home when appellant, her uncle, came up behind her and put his hand over her mouth. He then hit her head against a dresser several times and threw her on the bed. He held a pillow over her head and ripped open her shirt. With a knife he cut off her bra, then he began to remove his own pants. Before he could do so, M.M. kicked him in the groin and was able to escape.

Approximately two weeks later, M.M. again encountered appellant in her grandparent's home. He told M.M. that if she told anyone about the incident he would do something to her father, and he cut her breast with the knife.

A third incident occurred two weeks later when M.M. was with her younger cousin A.M. at their grandparent's home. When M.M. was in the bathroom, she heard A.M. crying. M.M. went into the bedroom to find appellant with A.M., whose clothes were off. After appellant removed his clothes, he threatened M.M. with a knife and forced her to watch. He then got in bed with A.M. and "did bad things between her legs with his private parts."

After appellant got off of A.M. the two girls went into the bathroom to talk about what had happened. Appellant came into the room and told them if they told anyone about the incidents he would kill them both. He then hit M.M. in the face with his fist, and she received a bleeding wound when her head hit the baseboard.

Feeling dizzy, M.M. lay down on the couch. Later she awakened as appellant was removing her shorts. He removed his pants and had sexual intercourse with her. M.M. did not immediately report these incidents because she was afraid.

■ Appellant first argues that his charges should have been dismissed due to the State's failure to bring him to trial within seventy days of his motion for early trial.

Appellant filed a motion for early trial on October 23, 1985. The State's motion for a continuance was granted, and the trial court stated that due to congestion of the court's calendar the case could not be tried within the seventy-day period. The trial was reset for March 5, 1986.

Appellant made no objection to this new trial date. It was incumbent upon him to object at the earliest opportunity when his trial date was scheduled beyond the limits prescribed by Ind.R.Cr.P. 4(B)(1). *Smith v. State* (1985), Ind., 477 N.E.2d 857. Because the trial date was confirmed without an objection by appellant, he acquiesced to the later trial date. *Id.*

■ Appellant asserts that he was denied a fair trial because the prosecution was allowed to examine the witnesses by using leading questions.

The record reflects that throughout M.M.'s direct and cross-examination she was extremely reticent. She said she was embarrassed and afraid to give her testimony. When the questioning turned to the subject of the molestation, she failed to respond to several questions. The Prosecutor then elicited her testimony by asking her leading questions to which she could respond "yes" or "no". Over appellant's objection, the trial court allowed the prosecutor to continue to ask M.M. whether appellant did the specific acts of the molestation.

The trial court is given wide discretion in allowing leading questions to be asked. This Court will not reverse a decision without a showing of abuse of discretion. *Beland v. State* (1985), Ind., 476 N.E.2d 843.

In *Ricketts v. State* (1986), Ind., 498 N.E.2d 1222, this Court held that when a young, inexperienced and frightened witness was asked leading questions to guide the witness's testimony, such questioning was proper. As in that case, the leading questions to M.M. were for the purpose of calming her while she gave her account of the incidents. The questions to M.M. did not suggest that she give a particular answer. We find no abuse of trial court discretion.

■ Appellant further argues that the evidence of sexual intercourse with M.M. is insufficient to support his conviction. Appellant complains that because the State used leading questions to elicit testimony from M.M. which disclosed that appellant had sexual intercourse with her, the testimony was from the State and not from the witness.

As was stated in the issue above, the leading questions were appropriate in these circumstances. M.M.'s "yes" answer to the question of whether appellant performed sexual intercourse upon her sufficiently supports his conviction of child molesting.

■ Appellant contends the evidence is insufficient to establish his use of a deadly weapon during the attack.

M.M. testified that while she was in the bathroom appellant threatened her with a knife and soon thereafter he forced her to have intercourse with him. A.M. testified that she saw appellant hold a knife to M.M.'s neck and tell her to shut up as he lay on top of her before intercourse. We find this evidence is sufficient to support the Class A felony conviction.

■ Appellant contends that his charges should have been dismissed because the record is devoid of any evidence establishing the fact that he is over sixteen years of age.

At trial appellant testified that he was married and had an eleven-year-old son. This evidence is sufficient to establish that appellant was in fact over sixteen years of age when the attacks occurred in 1983. We find no merit to appellant's argument.

■ Appellant argues that it was error to allow evidence of his attacks on A.M., for which he previously had been convicted, to go before the jury. He asserts that such evidence was sought to inflame the prejudices of the jury.

Ordinarily, evidence of other crimes is inadmissible except to show intent, motive, purpose, identity, or common scheme or plan. An exception to this rule has been recognized which allows evidence of other criminal activity to be admitted to show a depraved sexual instinct. *Jarrett v. State* (1984), Ind., 465 N.E.2d 1097.

Appellant's sexual attacks upon M.M. and A.M. were so similar that A.M.'s testimony was relevant to show his intent and depraved sexual instinct. *McKim v. State* (1985), Ind., 476 N.E.2d 503; *Jarrett, supra.* Furthermore, A.M.'s testimony helped complete the story of the crime by proving its immediate context. It was admissible under the *res gestae* exception as well. *Forehand v. State* (1985), Ind., 479 N.E.2d 552. We find no error in the admission of A.M.'s testimony.

■ Appellant further argues that his tendered instruction of the lesser included offenses of battery and recklessness was erroneously refused.

The test for determining whether it was error to refuse an instruction of a lesser included offense is: 1) whether the language of the statute and the charging document necessarily included the lesser offense in the greater, and 2) whether evidence was introduced at trial to which the included offense instruction was applicable. *Roland v. State* (1986), Ind., 501 N.E.2d 1034. The evidence must be subject to the interpretation not only that the lesser offense was committed, but also that the greater offense was not. *Gordon v. State* (1986), Ind., 499 N.E.2d 228.

In appellant's case the evidence shows that the greater offense, child molesting, was committed. Therefore, the trial court did not err in refusing appellant's tendered instruction.

Appellant argues that the trial court erred by denying his motion to strike the seated jury panel. During *voir dire*, prospective juror Eilert stated it bothered her that appellant knew her. The prosecutor asked her whether she would worry about retribution.

Upon appellant's request, the jury was excused and appellant moved to strike the jury panel due to the State's use of the word "retribution". The trial court denied appellant's motion but prohibited any further questioning about Eilert's fear of retribution.

Of the twelve prospective jury members who heard the statement regarding retribution, two became members of the jury panel. Before the trial began, appellant's objection to the jury panel on the same ground was overruled. He requested no admonishment and none was given. He now asserts that the use of the word "retribution" was prejudicial and prevented him from receiving a fair trial.

A trial court has broad discretionary power to regulate the form and substance of *voir dire*. *Von Almen v. State* (1986), Ind., 496 N.E.2d 55. The function of *voir dire* is to ascertain whether jurors can render a fair and impartial verdict in accordance with the law and the evidence. *Id.*

In appellant's case, prospective juror Eilert was excused from the jury panel, as were all others present during her remark except two. Appellant has not shown, nor does the record reflect, that the remaining two jurors were prejudiced in any way by the statement regarding retribution. Appellant failed to pursue the questioning of the two remaining jurors about any potential prejudice they may have had. Having failed to do so, his argument cannot stand on appeal. *Dorton v. State* (1981), Ind., 419 N.E.2d 1289. We cannot find that the prosecutor's use of the word "retribution" was so prejudicial to the impanelled jury that the trial court's denial of his motion was an abuse of discretion.

Appellant argues that the trial court erred by denying his challenges for cause of certain prospective jurors. Appellant lists seven members of the jury panel whom he claims to have excused peremptorily; however, an examination of the record reveals that only one of those persons, Sandy McBeth, served on the jury. In attempting to determine reversible error, we will examine only those who serve on the jury.

Appellant can demonstrate no harm by the trial court's denial of his challenge for cause of prospective jurors when those jurors were not members of the jury which tried him. *Johnson v. State* (1985), Ind., 472 N.E.2d 892; *Quarles v. State* (1945), 223 Ind. 652, 63 N.E.2d 849.

Although appellant challenged Sandy McBeth for cause and was overruled by the court, he was apparently unable to remove her because his peremptory challenges had been exhausted.

Appellant objected to McBeth on the ground her husband had sat on a previous jury that had convicted appellant in another case. However, upon examination, McBeth stated that her husband had refused to discuss the former case with her and that she knew very little of the case. She further stated that the former case would have no bearing on her decision in this case and that she would make a decision entirely upon the evidence presented.

We see no abuse of discretion by the trial judge in allowing her to sit on the jury.

Appellant argues that error occurred when a witness was allowed to give testimony which constituted hearsay. Over appellant's objection, a social worker from the welfare department was allowed to testify about what A.M. and M.M. had told her concerning the attacks. The State offered the testimony not for the truth of the matters asserted, but to show how the social worker became involved in the cases and why the investigation began.

Later, A.M. and M.M. testified and were available for cross-examination. M.M. testified that she gave a tape-recorded state-

ment to the social worker and police which included a description of appellant's sexual attacks upon her.

This Court has upheld admission of testimony which, although containing out-of-court statements by third parties, was introduced primarily to explain why a particular course of action had been taken. Because the testimony is not offered to prove the truth of the matter stated by the third party, it is admissible. *Stout v. State* (1985), Ind., 479 N.E.2d 563; *Forehand, supra.* Appellant's objection to the social worker's testimony was properly overruled.

■ Further, even if the testimony would have been improper hearsay, the improper admission of hearsay evidence is not a ground for reversal when there is other ample evidence to sustain the conviction. *Bricker v. State* (1976), 264 Ind. 186, 341 N.E.2d 502. We find no reversible error.

■ Appellant contends that A.M. should not have been allowed to testify without an independent determination of her competency as a witness. At appellant's prior trial, when A.M. was eight-years-old, she was found to be unavailable as a witness, based upon affidavits of psychiatrists who found that her participation in the trial would be traumatic. A video-tape of her statement was presented at trial. She was never found to be incompetent.

At the time of the trial in this case, A.M. was ten years old. Ind.Code § 34–1–14–5(2) states in part that children under ten years of age are incompetent. Indiana law presumes the competency of a ten-year-old witness. *Pavey v. State* (1985), Ind.App., 477 N.E.2d 957. The trial court did not abuse its discretion in allowing A.M. to testify.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER and DICKSON, JJ., concur in result without separate opinion.