**Kenney Leon ELDRIDGE, Appellant–Defendant Below,**

v.

**STATE of Indiana, Appellee–Plaintiff Below.**

No. 48A04–9104–CR–105.[1]

Court of Appeals of Indiana, Third District.

Nov. 13, 1991.

---

1. This case was diverted to this office by order of the Chief Judge.

William D. McCarty, Anderson, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

STATON, Judge.

Kenney Leon Eldridge appeals his conviction for incest, a Class D felony,[2] raising the following two issues for our review:

I. Whether Eldridge was deprived of a fair trial by improper cross-examination by the prosecutor.

II. Whether Eldridge received ineffective assistance of trial counsel.

We affirm.

## I.

### *Cross–Examination*

Eldridge chose to testify at trial. During cross-examination, the prosecutor asked the following questions:

Q. Its [sic] a fact that you've been in the courtroom throughout the testimony of every other witness haven't you?

A. Yes, sir.

Q. You have been able to listen to their testimony as they testify.

MR. WITHERS: Your Honor, this is improper questioning, its [sic] only to prejudice the jury. It has nothing relevant to this case.

Record, p. 516. The trial judge permitted the questions, although the second re-

---

**2.** Ind.Code 35–46–1–3 (1988).

**3.** We note that the grounds for Eldridge's objection at trial differ from those raised on appeal. As such, Eldridge has failed to preserve the issues he now raises for appeal. *Jester v. State*

mained unanswered. Eldridge argues that the prosecutor was improperly permitted to discredit him for the exercise of his right to confront witnesses and the right to testify in his own defense.[3]

■ Eldridge's claim that the prosecutor's cross-exam questions were impermissible comments on his right to testify is without merit. First, the question raised by the prosecutor does not "comment" on his right to testify or infringe on that right in any way. Second, while many cases prohibit the prosecutor from commenting on a defendant's *failure* to testify, Eldridge cites no case which supports his contention that a prosecutor's comment on his decision to testify is likewise impermissible.

■ Eldridge's argument that the prosecutor's questions were impermissible comments on his right of confrontation is similarly without merit. When the defendant chooses to take the stand to testify, he is subject to cross-examination like any other witness. *Brown v. United States* (1958), 356 U.S. 148, 154–155, 78 S.Ct. 622, 626–27, 2 L.Ed.2d 589 *reh'g denied* 356 U.S. 948, 78 S.Ct. 776, 2 L.Ed.2d 822; *Denton v. State* (1983), Ind., 455 N.E.2d 905, 908. This includes the ability of the prosecutor to explore the possibility that the defendant has conformed his testimony to that of the other defense witnesses who testified in his presence. We note that Eldridge has cited no authority holding that a prosecutor may not comment on the defendant's exercise of his right to confrontation. Eldridge's exercise of that right was not impaired. He was able to conduct a full cross-examination of all witnesses against him, was able to put on his own evidence, and was present throughout trial.

## II.

### *Assistance of Counsel*

■ Eldridge claims that he received ineffective assistance of counsel. Upon re-

---

(1990), Ind., 551 N.E.2d 840, 843. However, we address the merits of his contentions in light of his claim of ineffective assistance of counsel in Issue II.

view, the assistance of counsel is measured against a "reasonably effective assistance" standard. *Burr v. State* (1986), Ind., 492 N.E.2d 306, 307–308. Thus, judicial scrutiny should be deferential and undistorted by hindsight, with isolated poor strategy, inexperience, or bad tactics not implying ineffectiveness; the appellant must show "strong and convincing evidence" to overturn a presumption of competence. *Burr, supra,* at 308, citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. When determining whether a defendant has received ineffective assistance of counsel, we engage in a two-step analysis. First, we must determine whether the acts or omissions of counsel are outside the wide range of professionally competent assistance. If so, we must then determine whether such acts or omissions prejudiced the defendant. *Clark v. State* (1990), Ind., 561 N.E.2d 759, 762.

Eldridge first claims that counsel was ineffective for his failure to object to the introduction of evidence of other alleged acts of sexual misconduct. The prosecution introduced evidence that when Eldridge was seven years old, he engaged in digital penetration of the four-year-old daughter of his step-father's sister. His family was living with that family at the time. The prosecution also introduced evidence that Eldridge asked thirteen-year-old T.P. to perform oral sex on him and to have sexual intercourse with him. Evidence was also introduced that he attempted to expose his genitalia to T.P. T.P. is the daughter of another sister of Eldridge's step-father.

■ Generally, evidence of past misconduct is inadmissible in a criminal prosecution. *Miller v. State* (1991), Ind., 575 N.E.2d 272, 275. However, an exception to this rule is recognized when the acts sought to be introduced evidence a depraved sexual instinct on the part of the accused. *Id.* at 276. Acts showing a depraved sexual instinct include those, when

considered with other circumstances, which have a tendency to connect an accused with a crime of that character, and which lend credence to a victim's statement which would otherwise seem improbable. *Id.* The acts offered need not be identical to the acts charged so long as the same sexual instinct is involved. *Id.* Moreover, the remoteness of the uncharged acts does not render them inadmissible, but goes to their weight. *Id.*

■ Here, trial counsel may well have concluded that the acts charged were admissible under the depraved sexual instinct exception. Both acts involved sexual conduct with young girls who were members of Eldridge's family. In failing to object to their admission, we cannot say that counsel transgressed the bounds of professionally competent assistance.

■ Eldridge also argues that trial counsel was ineffective in failing to object when the victim's aunt and step-mother and the social worker assigned to the case each testified that the victim had told them of the incident. He relies upon *Stone v. State* (1989), Ind.App., 536 N.E.2d 534, *transfer denied*, in which our Fourth District held that it was error to allow six witnesses to corroborate the testimony of a child molesting victim. However, the *Stone* court distinguished that case from *Buttram v. State* (1978), 269 Ind. 598, 382 N.E.2d 166, in which our supreme court found no error where three such witness were allowed to testify.[4] The distinguishing factor in *Stone* was the number of witnesses presented by the prosecution. Here, like in *Buttram*, three corroborating witnesses were presented. Moreover, the witnesses each presented a different version of the facts. Trial counsel was not ineffective for failing to object to this testimony.

■ Eldridge finally argues that trial counsel was ineffective for failure to make an offer to prove when the trial judge

---

**4.** The recent case of *Modesitt v. State* (1991), 578 N.E.2d 649, Ind., may constitute a departure from *Buttram*. There, three witnesses testified regarding the victim's allegations, after which the victim was permitted to testify. The supreme court held that such a practice was impermissible, citing *Stone, supra*. *Modesitt* was not handed down until after the trial in this case. Counsel will not be adjudged ineffective for the failure to anticipate changes in the law. We would also note that in this case, the victim testified prior to the other witnesses.

excluded evidence that the victim was angry at her mother because her mother found out that she had engaged in sexual intercourse with her boyfriend. We do not find ineffective assistance of counsel because even if trial counsel had made an offer to prove, the evidence would not have been admissible.

Trial counsel sought to show that the victim made the allegations of incest because she was angry at her mother. Considerable evidence was introduced regarding the victim's anger toward her mother. However, the trial court did not allow counsel to go into the reason for the rift between mother and daughter. The trial court properly excluded this evidence—it was not relevant to any issue at trial. Eldridge was permitted to fully develop his theory of the case; he was simply not permitted to bring in inflammatory tangential evidence.[5]

The record reveals that trial counsel cross-examined the witnesses for the prosecution, presented a number of witnesses in support of Eldridge's theory of the case, made numerous objections and offers of proof, and consulted with Eldridge on matters such as his decision to testify. While he may not have obtained the result which his client desired, we cannot say that his representation fell below the threshold of reasonably effective assistance.

Affirmed.

GARRARD and BUCHANAN, JJ., concur.

---

[5] The evidence may also have been inadmissible pursuant to the Rape Shield Statute. IC 35–37–4–4. While the statute on its face does not apply to incest, IC 35–37–4–4(a), a plurality of our supreme court has indicated that its application should extend to incest. *Bohall v. State* (1989), Ind., 546 N.E.2d 1214, 1216 (per Givan, J., with one justice concurring and one justice concurring in the result).