Terry L. WHITED, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9405–CR–294.

Court of Appeals of Indiana,
First District.

Jan. 31, 1995.

began to say unpleasant things about M.W., she prepared to leave. Whited locked the door and began attacking M.W. He dragged her into another room where he raped her. Afterwards she left and reported the assault to the police. Prior to trial, Whited filed a motion to admit evidence of M.W.'s past sexual conduct notwithstanding IND.CODE § 35–37–4–4, (Rape Shield Statute), which makes such evidence inadmissible. At the hearing, Whited asked to explore M.W.'s sexual exploits contending that someone else committed the rape and that M.W. had made statements to third persons in which she falsely accused others of rape. The court denied Whited's motion. Whited was convicted of rape and criminal confinement.

Belle T. Choate, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Jodi Kathryn Rowe, Deputy Atty. Gen., Indianapolis, for appellee.

### OPINION

BAKER, Judge.

Appellant-defendant Terry L. Whited contests his convictions for Rape[1], a Class B felony, and Criminal Confinement[2], a Class D felony, alleging errors in the appointment of the special judge and the exclusion of certain evidence and challenging the sufficiency of the evidence.

### FACTS

On April 16, 1992, M.W. met Whited for the first time at the home of a mutual friend. Jimmy Nichols, M.W. and Whited went to Whited's home talking, drinking beer, and listening to music. After Nichols left, M.W. and Whited continued to talk. When Whited

1. IND.CODE § 35–42–4–1.

2. IND.CODE § 35–42–3–3.

3. Since the order appointing Ms. Broyles as special judge is in the record here, Whited's reliance

### DISCUSSION AND DECISION

#### I. Special Judge

■ Whited contends that because the special judge was not properly appointed, he is entitled to a new trial. The record reflects that Ms. Broyles was appointed as special judge, but that strict compliance with Ind.Trial Rule 79 in the selection procedure was not followed.[3] Record at 104, 159–60. However, when asked on the record if Whited had any objection to Ms. Broyles acting as special judge in light of the irregularity, Whited and his counsel both stated that they did not object. R. at 160. Whited voluntarily consented to the special judge's authority and thereby waived any irregularity. *Floyd v. State*, No. 49S02–9412–PC–1282, slip op. at 10–13, —— N.E.2d ——, ————— [1994 WL 725522] (Ind. Dec. 30, 1994).

#### II. Hearsay

■ Whited maintains that the trial court improperly excluded evidence that hampered the presentation of his defense of consensual sex. When Whited attempted to relate M.W.'s statements during the course of the evening, the court sustained the State's hear-

upon *Scruggs v. State* (1993), Ind.App., 609 N.E.2d 1148, where the record lacked a written order of appointment of the special judge, is misplaced.

say objections. Whited failed to argue to the trial court any basis for the admissibility of the excluded testimony; thus, he waived appellate review. Notwithstanding waiver, we address the merits of his argument.

■ Hearsay is an out-of-court statement offered to show the truth of the matters asserted therein and rests on the credibility of a declarant who is not in court and is unavailable for cross-examination. *Miller v. State* (1991), Ind., 575 N.E.2d 272, 274.[4] If challenged evidence is hearsay and does not fall within one of the exceptions to the hearsay rule, then it is inadmissible. *Id.* Whited contends that the excluded statements here were not offered for the truth of the matter asserted, but rather to support his state of mind in concluding that M.W. consented to sex. Thus, he argues the statements were not hearsay.

The first statements of Whited's testimony that he alleges were erroneously excluded were:

Q. And what did you guys do?

A. Well, she came down and I was there talking to Donnie. Jimmy had been there earlier, but he left and me and Donnie was standing out in the yard. He had just got through mowing his grass, and he was raking the leaves—the grass and stuff. So M.W. walked up and she says, she spoke to Donnie first. She didn't really know me. She said, "Hi, Donnie." She said, "I just saw Jimmy. He said he was going to the liquor store to get a beer, and he said I could come down and hang out if I wanted to." He said, "Sure, I don't care."

MS. JACOBSON: Objection. This is all hearsay, first of all.

COURT: Sustained.

R. at 412–13. Whited also testified several times that he asked M.W. whether she had a boyfriend. The court excluded Whited's statements relating her response to his question. R. at 415–16, 418. Whited also complains that the court improperly excluded his

testimony of M.W.'s statement following his comments that she was pretty and that he "would really like to have you for my woman." R. at 444.

■ Whited contends that he was not trying to prove the truth of the statements, i.e. that M.W. did not have a boyfriend. Rather, Whited sought to use M.W.'s statements to show the effect they had on him. An out-of-court statement that is offered to show its effect on the hearer's state of mind is not hearsay. *U.S. v. Hanson* (7th Cir.1993), 994 F.2d 403, 406. It does not matter whether M.W. was telling Whited the truth about her dating status. What matters is whether such a conversation caused Whited to believe that M.W. consented to sex. Thus, the proffered testimony was not hearsay and the trial court erred in excluding it. *See id.* (hearsay exclusion of witness's statement to defendants that they were not required to make disclosure of income for tax purposes was error since offered to show effect on defendants and thus, was not hearsay).

■ Nonetheless, error in the exclusion of evidence is not grounds for reversal unless it is inconsistent with substantial justice and affects the substantial rights of the parties. Ind.Trial Rule 61. We will find harmless error if the evidence of guilt is overwhelming and the defendant was allowed to present his defense even if not as completely as he desired. *Hanson*, 994 F.2d at 407. Here, the evidence against Whited is overwhelming. Besides M.W.'s testimony, medical evidence and photographs of her injuries support M.W.'s version of the attack. Furthermore, Whited was able to present his theory of defense through his own testimony and Nichols' supporting testimony. It is improbable that the jury's verdict would have been different if M.W.'s alleged statements had been admitted. We cannot say that Whited's right to present his defense was impinged upon; therefore, we find no reversible error on this ground.

---

4. In 1994, Indiana adopted the Indiana Rules of Evidence, by which the hearsay rule and its exceptions are now governed. *See* Ind.Evidence Rules 801–06. However, the adoption of the evidence rules occurred subsequent to Whited's trial, therefore, we refer to prior case law that controls this case.

### III.  Rape Shield Exclusion

Whited contends that the trial court erred in denying his motion to admit evidence of M.W.'s prior sexual encounters and false rape charges against others. Although Whited renewed his pre-trial motion at the commencement of his trial, he did not attempt to offer any evidence to these matters at his trial. A party must make some showing of what the excluded evidence would have been. *Bockting v. State* (1992), Ind. App., 591 N.E.2d 576, 580. Whited failed to make an offer to prove; thus, he waived the issue. *See id.* Lacking specific evidence, we cannot review his allegation.

### IV.  Sufficiency

Next, Whited asserts that the evidence is insufficient to support his rape and criminal confinement convictions. Although Whited claims that he is not asking us to reweigh the evidence or reevaluate witness credibility, he asks us to do just that. Whited contends that his testimony and Nichol's testimony shows that M.W. should not be believed. The function of weighing witness credibility lies with the trier of fact, not this court. *Thompson v. State* (1993), Ind.App., 613 N.E.2d 461, 467. The uncorroborated testimony of the victim is sufficient to support a conviction. *Taylor v. State* (1993), Ind.App., 614 N.E.2d 944, 948. M.W.'s testimony, which is also corroborated by medical evidence and photographs, adequately supports Whited's convictions.

Judgment Affirmed.

NAJAM, J., concurs.

GARRARD, J., concurs in result.