## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 16 2019, 7:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ricky Davis,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | May 16, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2363<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Marc T.<br>Rothenberg, Judge<br><br>Trial Court Cause No.<br>49G02-1609-MR-36393 |

**Baker, Judge.**

Ricky Davis appeals his conviction for Murder,[1] arguing that the evidence is insufficient. Finding the evidence sufficient, we affirm.

## Facts

On September 3, 2016, Davis texted Gary Rees, stating that he wanted to purchase a specific type of marijuana. Rees had sold Davis marijuana in the past. After negotiating about quantity and price, Davis and Rees agreed to meet at an abandoned residence. Around 5:30 p.m., Rees arrived on his motorcycle and parked at a small park with a playground next to the abandoned home.

Khaalid Muhammad, a neighbor who lived nearby, saw Rees park his motorcycle. Muhammad noticed Rees because he was a white man in a predominantly Black neighborhood. Muhammad watched as Rees approached two Black men in the playground area. One of the men sat on a park bench, was approximately 5'5" to 5'9" tall, had a "slight build," was "thin," and appeared to have something in his lap. Tr. Vol. II p. 16-17, 22-23. He was wearing a white t-shirt and jeans. The other man was "portly," "husky," and wearing darker clothing. *Id.* at 17, 29. Rees walked toward the two men and the thin Black man stood up. Muhammad stopped paying attention and returned to what he had been doing before he noticed the activity.

---

[1] Ind. Code § 35-42-1-1.

[4] Then, Muhammad heard "what sounded like a pop," which drew his attention back to the playground. *Id.* at 18. He saw the thin Black male holding a revolver and heard a second pop. The two Black men retrieved bicycles from a nearby fence and rode away. Rees screamed, got on his motorcycle, and drove a short distance before collapsing. Rees, who had been shot three times, died as a result of the shooting.

[5] When law enforcement arrived at the scene, they recovered several pieces of physical evidence, including a bracelet and a casino card. Later testing revealed that both objects had DNA that matched Davis's DNA profile.

[6] On September 8, 2016, police interviewed Davis regarding Rees's death. At that time, Davis lied, denying any involvement or knowledge of the events that ended with Rees's death. He lied, stating that he did not know Rees; he lied, stating that Rees did not have his phone number; he lied, stating that he had lost his phone; and he lied, telling the detective that none of his property would be near the crime scene. He had also instructed his girlfriend to lie to law enforcement regarding his whereabouts on September 3, 2016.

[7] On September 15, 2016, the State charged Davis with murder. A bench trial took place on July 23-24, 2018. At trial, Muhammad testified about what he had seen on September 3, 2016. Davis also testified, admitting that he had lied to law enforcement and admitting that he had been present when Rees was shot. Davis testified that on that day, he was wearing a t-shirt and jeans; he also described himself as being approximately 5'7" and a "thin guy." Tr. Vol.

III p. 133, 135-54. Davis stated that Markell Loritts was the other person present and testified that Loritts was wearing a bulky, black jacket on the day of the shooting.

[8]     On July 30, 2018, the trial court found Davis guilty, noting that Muhammad's testimony was "the most vital testimony in this entire trial" and that the trial court "found Mr. Muhammad to be credible." Tr. Vol. III p. 96. On September 4, 2018, the trial court sentenced Davis to sixty years imprisonment. Davis now appeals.

## Discussion and Decision

[9]     Davis's sole argument on appeal is that the evidence is insufficient to support his conviction. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the conviction and will neither assess witness credibility nor reweigh the evidence. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm unless no reasonable factfinder could find the elements of the crime proved beyond a reasonable doubt. *Id.* To convict Davis of murder, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally killed Rees. I.C. § 35-42-1-1(1).

[10]    Davis does not deny that he was present at the time Rees was murdered. But he maintains that the evidence does not prove beyond a reasonable doubt that he was the person who shot Rees. We disagree. A conviction may be sustained upon the uncorroborated testimony of a single witness. *Williams v. State*, 700

N.E.2d 784, 787 (Ind. 1998). Here, Muhammad testified that he observed an encounter between a white man and two Black men; one of the two Black men was thin, wearing a t-shirt and jeans, and the other husky, wearing dark-colored clothes. Muhammad stated that he heard a popping sound, looked up, and saw the thin Black man holding a revolver pointed at Rees; he then heard a second popping sound, heard Rees scream, and saw the other two men flee on nearby bicycles.

[11] The trial court explicitly found Muhammad's testimony to be vital and credible. This testimony, alone, would suffice to support the conviction. But at trial, Davis himself corroborated much of Muhammad's testimony, including the descriptions of himself and Loritts and their respective clothing. To the extent that Davis's testimony conflicts with Muhammad's, it was for the trial court to resolve the conflict by assessing the credibility of the witnesses. *E.g.*, *Whited v. State*, 645 N.E.2d 1138, 1141 (Ind. Ct. App. 1995). Furthermore, at Davis's first interview with police, he lied about nearly every salient fact related to Rees's death. He also instructed his girlfriend to lie about his whereabouts at the time of the shooting. It would be reasonable for a factfinder to find that the inferences drawn from this evidence further supported Davis's guilt. Davis's arguments amount to a request that we reweigh the evidence, which we may not do. The evidence is sufficient.

[12] The judgment of the trial court is affirmed.

Najam, J., and Robb, J., concur.